**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| MADHU VERMA, | * | |
| | | |
| Appellant, | * | |
| | | |
| v. | * | Case No.: PWG-18-3772 |
| | | |
| DEUTSCHE BANK TRUST COMPANY, | * | |
| | | |
| Appellee. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This case is on appeal from the U.S. Bankruptcy Court for the District of Maryland. Appellant Madhu Verma challenges a bankruptcy court order that effectively cleared the way for Deutsche Bank National Trust Company, the appellee here, to attempt to take possession of her home several years after the bank bought it in a foreclosure sale. Ms. Verma argues that Deutsche Bank does not, in fact, hold any interest in the property and that it lacked standing to participate in the bankruptcy proceedings. She also argues that the bankruptcy court erred in lifting a stay that might, in theory, have barred the bank from taking legal action against her husband as a nominal co-owner of the property. I find neither of these arguments convincing. The bankruptcy court's order therefore will be affirmed.

## FACTUAL BACKGROUND

The real property at the center of this dispute is located in Boyds, Maryland. Ms. Verma's husband, Ravi Gogna, bought the property in January 2006 with the benefit of a secured loan from TBI Mortgage Co. *See* Deed of Trust 1, ECF No. 3-3. The deed of trust lists the street address as

18600 Black Kettle Drive. *Id.* The note accompanying the deed of trust features the same address, except the word "Drive" is scratched out, and word "Court" is printed just above it. Note 27, ECF No. 3-3.

Financial difficulties followed, and by 2010, Mr. Gogna was defending a foreclosure action in the Circuit Court for Montgomery County. *See* Circuit Ct. Docket 8-11, ECF No. 3-6; Am. Report of Sale 34, ECF No. 3-17. A foreclosure sale ensued on May 30, 2012. On June 5, 2012, the substitute trustees filed a "Report of Sale" stating that they sold the property on May 30, 2012 to Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR7. *See* Report of Sale 11, ECF No. 3-4; Circuit Ct. Docket 16. The report misstated the property's street address as 18600 Black Kettle *Court. See* Report of Sale 11. A subsequent docket entry in the circuit court case noted that the report "has an incorrect address listed. Black Kettle Court should be Black Kettle Drive." Circuit Ct. Docket 18. Accordingly, on April 22, 2013, the substitute trustees filed an "Amended Report of Sale," which revised the street address to read "18600 Black Kettle Drive." Am. Report of Sale 34, ECF No. 3-17; *see* Circuit Ct. Docket 19. The circuit court judge ratified the foreclosure sale a few months later, on November 8, 2013. Ratification Order 13, ECF No. 3-4.

Ms. Verma filed a petition for Chapter 13 bankruptcy relief on March 4, 2018. *See* Bankruptcy Ct. Docket 19, ECF No. 1-3. In taking this step, Ms. Verma availed herself of the various protections federal bankruptcy law accords debtors. These include an automatic stay against most collection activities, a form of statutory protection that generally prevents creditors from collecting debts or foreclosing on property. *See* 11 U.S.C. § 362(a).

Deutsche Bank, identifying itself as the indenture trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H2, filed a motion for relief from the automatic

stay on June 25, 2018. *See* First Mot. for Relief, ECF No. 3-1. The motion sought to terminate

the automatic stay "as to the real property at 18600 Black Kettle Drive, Boyds, Maryland 20841

to permit Movant to complete the foreclosure proceedings pending in the Circuit Court [of]

Montgomery County at Civil No. 326303V and to permit the Movant to obtain possession of the

real property after foreclosure." *Id.* at 2. It asserted that Ms. Verma "has no interest in the property

because the foreclosure sale held on May 30, 2012, prior to the filing of this bankruptcy, divested

the mortgagor of all rights of redemption and vested equitable title in the purchaser [Deutsche

Bank] at the foreclosure sale." *Id.* The bank attached a number of documents to the motion,

including, for some reason, the original Report of Sale featuring the "Black Kettle Court" address.

*See* Report of Sale 11. The amended version of the report was not included.

Ms. Verma's response to the motion zeroed in on the discrepancy over the property's

address. There, counsel argued that Ms. Verma "was and is still the record owner of the property

known as 18600 Black Kettle *Drive*." Resp. to First Mot. 1, ECF No. 3-4 (emphasis in original).

To support this contention, counsel enclosed a copy of a deed Ms. Verma and her husband recorded

on July 24, 2013 – a few months after the substitute trustees had filed the Amended Report of Sale

in the circuit court, but before the circuit court judge issued the order ratifying the sale. *See* July

2013 Deed 6, ECF No. 3-4. The deed purported to convey the "Black Kettle Drive" property "for

no consideration" to Ms. Verma and her husband as tenants by the entirety.[1] *Id.*

The bankruptcy court on September 26, 2018, denied Deutsche Bank's motion without

prejudice. *See* ECF No. 3-14. The bank refiled its motion five days later, urging the court as

before to terminate the automatic stay as to the "Black Kettle Drive" property. 2d Mot. for Relief,

---

[1] The deed's terms are decidedly less than clear. For instance, the document first identifies Ms. Verma alone as the "Grantee," but later refers to her and her husband, collectively, as "Grantees." *Id.*

ECF No. 3-15. This, time, among the other documents attached to the motion, the bank included

the Amended Report of Sale, which featured the corrected street address. Am. Report of Sale.

Ms. Verma's response to the motion noted the change but argued "the Amended Report attached

by Movant was *not ratified* by the Montgomery County Circuit Court." ECF No. 3-18 (emphasis

in original). Ms. Verma maintained that she was the owner of the property at 18600 Black Kettle

Drive and that Deutsche Bank's interest was in 18600 Black Kettle Court. *See id.*

The bankruptcy court granted Deutsche Bank's renewed motion following a hearing on

November 5, 2018. *See* ECF No. 3-20. An ensuing order formally terminated the automatic stay

"as to the real property located at 18600 Black Kettle Drive, Boyds, Maryland 20841." ECF No.

3-22. The order referred to Ms. Verma's husband, Mr. Gogna, as a "Non-filing Co-Debtor." *Id.*

Ms. Verma filed this appeal that same day. *See* ECF No. 1. Her appellate brief presented

two issues: (1) "Did the bankruptcy court err in granting 'Motion for Relief from Stay' to a party

who was not the note holder of the property 18600 Black Kettle Drive, Boyds, Md 20841?," and

(2) "Did the bankruptcy court err in granting additional co-debtor relief under 11 U.S.C. §1301,

despite not being requested in any of the pleadings and mentioned at any of the hearings?"

Appellant's Br. 4. The briefing is now complete. *See* ECF Nos. 10, 11, 12. No hearing is

necessary. *See* Loc. R. 105.6; Fed. R. Bankr. P. 8019(b)(3) (stating that oral argument is not

required if, after examining the briefs, the district court determines that "the facts and legal

arguments are adequately presented in the briefs and record, and the decisional process would not

be significantly aided by oral argument").

### STANDARD OF REVIEW

A district court "sits as an appellate tribunal in bankruptcy." *In re Birmingham*, 846 F.3d

88, 92 (4th Cir. 2017). As such, it reviews the bankruptcy court's findings of fact for clear error

and its conclusions of law de novo. *See id.* A finding of fact "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Rood*, No. DKC 12-1623, 2013 WL 55650, at *2 (D. Md. Jan. 2, 2013) (quoting *In re Fitzwater*, No. 11-934, 2012 WL 4339559, at *2 (S.D.W.V. Sept. 21, 2012)). "With respect to the bankruptcy court's application of law to the facts, the district court reviews for abuse of discretion." *Id.*

## DISCUSSION

Ms. Verma has raised two issues in this appeal. Neither has merit.

### A.

Her first argument appears to be that Deutsche Bank lacked "legal standing to ask for relief from [the] stay" because it had no interest in the Black Kettle Drive property. Appellant's Br. 7. The bankruptcy court found otherwise, and nothing before me persuades me that this determination was in error.

It is fair to say that there has been some confusion, going back at least a decade, about the Boyds property's street address. The docket in the foreclosure action shows, though, that the substitute trustees came to recognize that the street on which the property was located was in fact named "Black Kettle Drive." *See* Circuit Ct. Docket 18. The corrected address appears on the Amended Report of Sale they filed in April 2013, and it necessarily follows that this was the information the circuit court judge had before him when he ratified the foreclosure sale on November 8, 2013.

Ms. Verma's reply brief in this appeal invokes Maryland's "sham affidavit" doctrine, seemingly arguing that the Amended Report of Sale cannot be credited because it contradicts the earlier report. *See* Reply Br. 6-7, ECF No. 12. To be clear, this doctrine pertains to motions for

5

summary judgment in civil suits in Maryland state court; it has no purchase here, in an appeal from an order of a federal bankruptcy court. *See* Md. Rule 2-501(e)(2); *Zimmerman v. Novartis Pharm. Corp.*, 287 F.R.D. 357, 362 (D. Md. 2012). But even if it did, the mere suggestion that the Amended Report of Sale must be a "sham" borders on the absurd. The sham affidavit rule covers situations where a party has failed to "justify an inconsistency" between two sworn statements of material fact. *Shelcusky v. Garjulio*, 797 A.2d 138, 144 (N.J. 2002) ("The doctrine calls for rejection of [an] affidavit where the contradiction is unexplained and unqualified by the affiant."); *see Marcantonio v. Moen*, 959 A.2d 764, 772-74 (Md. 2008). This is not that situation. Here, the substitute trustees expressly labeled the revised report as an amendment, signaling that they merely sought to correct an error in the original. There is no more tension between the two reports than there is between the first and second drafts of any document.

Ms. Verma would have me focus on the January 2006 promissory note memorializing her husband's loan from TBI Mortgage Co. She argues that the note, which features the "Black Kettle Court" address, "[did] not attach" to the Black Kettle Drive property and never was assigned to Deutsche Bank along with the deed of trust. Reply Br. 8-9. This argument is neither logical nor relevant. First, if it were true that the note pertained to "Black Kettle Court" only, and not to "Black Kettle Drive," then why would it help Ms. Verma to argue that the note was never assigned to Deutsche Bank? And anyway, the fact remains that the circuit court ratified the foreclosure sale of the Black Kettle Drive property to Deutsche Bank in November 2013 – several years before Ms. Verma sought bankruptcy protection. *See* Ratification Order; Circuit Ct. Docket 18-19 (noting that previous references to "Black Kettle Court" were mistaken and should have said "Black Kettle Drive"). The ratification – which, to be clear, is not reviewable in this appeal – awarded Deutsche Bank complete equitable title in the foreclosed property. *See Empire Props., LLC v. Hardy*, 873

6

Case 8:18-cv-03772-PWG   Document 18   Filed 08/22/19   Page 7 of 8

A.2d 1187, 1201 (Md. 2005).  It cannot be said, then, that Deutsche Bank was not a "party in interest" with standing to seek relief from an automatic stay under 11 U.S.C. § 362(d).  *See 3 Collier on Bankruptcy* ¶ 362.07[2] ("[A]ny party affected by the stay should be entitled to move for relief."); *In re Saba*, No. 18-33911, 2019 WL 1385093, at *5 (Bankr. N.D. Ohio Mar. 25, 2019).

B.

The second issue Ms. Verma presents in this appeal does not help her any more than the first did.

Her opening brief devotes only a few sentences to this issue.  For the sake of completeness, I quote this portion of the brief in full:

> The counsel of Movant modified the relief requested in the pleadings and added Co-debtor relief from stay in the Order pursuant to 11 U.S.C. §1301.  There is no provision to add additional relief in the Order without leave of the Court and consent from the other party.  This action of the counsel was done in bad faith.
> Fed. R. Civ. P 25- Substitution of the parties.  There is no provision in Rule 25 to change the name of a party in the Order or add additional relief in the Order after the hearing and without leave of the Court.

Appellant's Br. 6.

This argument is hard to parse.  On the one hand, Ms. Verma accuses Deutsche Bank of "modify[ing] the relief requested in the pleadings and add[ing] [c]o-debtor relief." *Id.*  At the same time, she urges me to find that the bankruptcy court erred in granting the co-debtor relief "despite [it] not being requested in any of the pleadings and mentioned at any of the hearings." *Id.* at 4.  So which is it?  Did Deutsche Bank request co-debtor relief or did it not?

Whatever the answer to this question may be, Ms. Verma's counsel has failed to explain why the court's order was improper.   Counsel's opening brief contains no discussion about the

7

scope of co-debtor stays under § 1301 or what a party must do to seek relief from such a stay. It does not even take a position on whether any interest Mr. Gogna might claim to hold in the property might have been subject to an automatic stay under § 1301 in the first place.[2]

In the end, the power to grant relief under § 1301(c) rests with the bankruptcy court, not with the movant or its counsel. Ms. Verma's contention that Deutsche Bank's counsel "added additional relief to the order . . . in bad faith" ascribes authority to Deutsche Bank that it could not have wielded. It was the bankruptcy court that terminated the stay, and Ms. Verma has not offered any reason to invalidate the court's order.

## ORDER

Accordingly, it is this day by the United States District Court for the District of Maryland hereby ORDERED that:

1. The Bankruptcy Court's Order Terminating Automatic Stay (ECF No. 1-1) IS AFFIRMED; and

2. The Clerk SHALL CLOSE this case.

Date:

8/22/19

Paul W. Grimm
United States District Judge

---

[2] Deutsche Bank argues § 1301 was inapplicable here because this provision stays collection activities only insofar as they relate to "all or any part of a consumer debt *of the debtor*." 11 U.S.C. § 1301(a) (emphasis added). The bank points out that the 2006 note obligated Mr. Gogna only. *See* Appellee's Br. 10. It reasons that because "the underlying mortgage was never a 'consumer debt of the debtor...' and no debt for which the Debtor and Mr. Gogna were jointly obligated was secured on the Property, 11 U.S. Code § 1301 provides no stay protection to Mr. Gogna." *Id.* at 10-11 (alteration in original). Ms. Verma's reply brief does not address this contention.