```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

IN RE: MADHU VERMA                :
_____
                                  :
MADHU VERMA
     Appellant                    :

          v.                      :   Civil Action No. DKC 22-1130

DANIEL A. STAEVEN                 :
     Appellee
```

**MEMORANDUM OPINION**

A more detailed factual background to this case is laid out in an opinion for a related appeal.  *See* Civil Action No. DKC 22-0452, ECF No. 8.  In sum, Appellant's property was foreclosed upon and ultimately sold to Jacques Francis and Nadia Allen (the "Owners").  (ECF No. 5-1 at 2-4).  Meanwhile, Appellant filed a Chapter 13 bankruptcy petition in 2018.  The Owners filed a wrongful detainer action against Appellant on June 14, 2021. (*Id.* at 4).  Appellant removed that case to the United States Bankruptcy Court for the District of Maryland on January 7, 2022.  The Bankruptcy Court dismissed the adversary proceeding on February 18, 2022, finding the removal to have been improper, and remanded it to the state court.  The Bankruptcy Court entered an Order to Show Cause in Appellant's bankruptcy case with respect to Appellant's improper removal of the wrongful detainer action. (ECF No. 1-2 at 6).  The Owners also filed a motion for sanctions against Appellant. (*Id.*).

A show cause hearing was held, and on March 18, 2022, the Bankruptcy Court dismissed the adversary proceeding, imposed a two-year bar on further filings, and imposed sanctions in the amount of $3,000 to be paid to Frost within thirty days. (ECF No. 5-1). Appellant appealed, and that order is before this court in Civil Action No. DKC 22-0779. When the sanctions had not been paid within those thirty days, the law firm filed a "motion for entry of default judgment," to reduce the obligation to a money judgment so that it could pursue collection efforts. (ECF No. 3-1). Appellant filed an objection, contending that such a judgment could not be entered while the case was on appeal. (ECF No. 3-4). The Bankruptcy Court overruled the objection, noting that no stay pending appeal was in place. (ECF No. 3-5, 1-2 at 3). Accordingly, the money judgment was entered on May 5, 2022. That order is now before this court on appeal.

In her appellate brief, Appellant contends that the initial order awarding $3,000 in attorney's fees was on appeal, which divested the Bankruptcy Court of jurisdiction, making the later entry of money judgment improper. (ECF No. 5).

Appellant is correct that, "[g]enerally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). This same principle applies to bankruptcy

courts.  *See In re Howes*, 563 B.R. 794, 806 (D.Md. 2016).  However, in the absence of a stay pending appeal, "[a]lthough a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment.'" *Springs v. Ally Fin. Inc.*, 657 Fed.Appx. 148, 151 (4th Cir. 2016) (per curiam) (quoting *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007)); *In Matter of Abingdon Realty Corp.*, 530 F.2d 588, 589 (4th Cir. 1976).  Because there was no stay pending appeal, the Bankruptcy Court retained jurisdiction to enforce its sanctions order through the entry of a default judgment.

Accordingly, the Bankruptcy Court's entry of the default judgment will be affirmed.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
